IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAKA FATTAH, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA and | : | NO. 14-1092 (TJS) |
| INTERNAL REVENUE SERVICE | : | |

MOTION FOR RELIEF FROM JUDGMENT
PURSUANT TO FED. R. CIV. P. 60(b)

Plaintiff Chaka Fattah, Jr., respectfully requests relief from judgment pursuant to Fed. R. Civ. P. 60(b). Mr. Fattah respectfully requests a new trial in this matter pursuant to the facts and legal standard set forth below.

On September 27, 2018, U.S. District Court Judge Harvey Bartle, III., made a finding that David Shulick committed perjury in this matter and applied a two-level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice. Gov. Reply to Motion for Bail filed Nov. 19, 2018, 3rd Circuit No. 18-3305, p.16-17 ("The district court applied the [obstruction of justice] enhancement after finding that Shulick committed perjury during a deposition in a civil matter filed by ... Chaka Fattah, Jr., against the government." The United States has stated that Mr. Shulick lied at least four times during the deposition. Id., p.17 ("Here, Shulick lied about at least four matters that pertain directly to the crimes of which he was ultimately convicted."). The United States did not inform Mr. Fattah, or this Honorable Court, about Mr. Shulick's perjury during his deposition at or before trial, or when seeking summary judgment in their favor prior to trial. The United States has failed to inform Mr. Fattah, or this Honorable Court to my knowledge, of this perjury as of the date of this Motion for Relief. It appears from a motion filed by Mr. Shulick's counsel, that the district court's finding was that Mr. Shulick intended his deposition testimony in this matter to obstruct a criminal investigation. Motion for Release Pending Appeal filed Nov. 13, 2018, p.18 (arguing for bail against "a finding that Mr. Shulick intended his testimony to obstruct a criminal investigation..."); See Also Id., p.19 ("the conclusion that Mr. Shulick intended his testimony to obstruct

1

a criminal investigation or prosecution..."). Mr. Fattah does not have access to the full sentencing transcript for Mr. Shulick to determine the full scope of the government's position that Mr. Shulick committed perjury during the deposition.

Finally, if this position of the United States had not come to Mr. Fattah's attention, he would not have filed any motion seeking relief in this matter -- which he believed was closed based on the Court's Judgment entered on July 27, 2017.

## I. Legal Standard

Rule 60(b)(6) exists because "it would be impossible to specify all of the scenarios in which justice might require vacatur of a judgment." Budget Blinds, Inc. v. White, 536 F.3d 244, 254 (3d Cir. 2008). The Third Circuit has said "[t]he fundamental point of Rule 60(b) is that it provides a grand reservoir of equitable power to do justice in a particular case." United States v. Doe, 810 F.3d 132, 152 (3d Cir. 2015). Rule 60(b)(6) affords courts the discretion and power "to vacate judgments whenever such action is appropriate to accomplish justice." Gonzalez v. Crosby, 545 U.S. 524, 542 (2005). Rule 60(b)(6) balances our respect for finality of judgments with "extraordinary circumstances creating a substantial danger that the underlying judgment was unjust." Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc., 131 F.3d 625, 630 (7th Cir. 1997). Courts must "intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." McGuire v. Warden, 738 F.3d 741, 750 (6th Cir. 2013) (citation omitted).

Further, Rule 60(d) is a savings clause clarifying that Rule 60(b) does not limit the power of a federal court to, among other things, "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d). "Rule 60(d) permits a court to entertain an independent action to relieve a party from a judgment in order to prevent a grave miscarriage of justice." Jackson v. Danberg, 656 F.3d 157, 166 (3d Cir. 2011) (quoting United States v. Beggerly, 524 U.S. 38, 47 (1998)).

Based on the doctrine of collateral estoppel the United States cannot argue before this Court that David Shulick did not commit perjury in his deposition. Collateral estoppel "prevents parties from litigating again the same issue when a court of competent jurisdiction has already adjudicated the issue on its merits." Witkowski v. Welch, 173 F.3d 192, 198 (3d Cir. 1999). The United States "had a full and fair opportunity to litigate the issue in question in the prior action" and the issue was determined by a final judgment. Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244, 249 (3d Cir. 2006). The doctrine of collateral estoppel "has been utilized for more than a century." Tice v. Bristol-Myers Squibb Co., 515 F. Supp. 2d 580, 590 (W.D. Pa. 2007). The U.S. Supreme Court has noted "that once an issue has been resolved in a prior proceeding, there is no further fact-finding function to be performed." Parklane Hosiery v. Shore, 439 U.S. 322, 336 (1979).

## II. Argument

The United States filed a motion for summary judgment on October 11, 2016. Doc. No. 46. The United States argued for summary judgment using David Shulick's testimony on the issue of actual damages. See Memorandum Opinion dated May 17, 2017 ("Fattah contends that, as a result of the disclosure that he was under investigation, he was fired from his job with David Shulick. The United States claims he quit. The parties present competing versions of what happened immediately after the news of the execution of the search warrants hit the media." Id., p.16; "These conflicting versions of why and how Fattah's business relationship with Shulick ended preclude summary judgment on the issue of Fattah's actual damages. Resolution of the conflict turns on a credibility determination to be made by the fact finder." Id., p.18) (Savage, J.). The United States was permitted to read portions of David Shulick's September 27, 2016 deposition at trial over Mr. Fattah's objection at a pretrial hearing.

The United States says now that David Shulick perjured himself at the September 27, 2016 deposition multiple times. They failed to inform the Plaintiff during discovery and used the deposition as evidence to support their claims during trial to limit Mr. Fattah's

3

damages. David Shulick was the United States' witness. In fact, he was the sole witness other than Mr. Fattah on the critical issue of actual damages. Without Mr. Shulick's deposition, Mr. Fattah would have sought summary judgment on the issue of actual damages.

This Court should not allow the final judgment dated July 27, 2017 to remain based on the extraordinary circumstances in this case. The Court's finding of fact that "Fattah did not speak to David Shulick after the searches," Id. p.2 and "Shulick Law Offices did not fire Fattah as a result of media coverage of the searches," Id. cannot be sustained without Mr. Shulick's testimony. Further, without Mr. Shulick's testimony the Court would not have been able to find that "Fattah, without explanation, stopped showing up to work after the search warrants were executed," Id. p.2, "After the searches, Fattah quit his job with Shulick Law Offices by not returning to work," Id. p.2, "His inability to pay rent and to purchase another condominium was the result of his quitting his job at Shulick Law Offices and DVHS," Id. p.2 or that "Fattah did not suffer any actual damages as a result of the wrongful disclosure...Any losses Fattah sustained were the result of his failure to return to work at Shulick Law Offices and his own criminal conduct." Id. p.4.

Without the findings of fact based on testimony by David Shulick the following conclusions of law would not have been found by the Court: "Fattah has not proven that the wrongful disclosure actually and proximately caused him any damages"; "Fattah has not demonstrated direct, economic damages as a result of the wrongful disclosure"; "Fattah has not established that the wrongful disclosure was the actual or proximate cause of his alleged loss of business income, potential future income..."; "Because Fattah has not demonstrated actual damages, he is not entitled to punitive damages"; and "Because Fattah has not demonstrated actual damages, he is entitled only to statutory damages of $1,000. 26 U.S.C. 7431(c)(1)(A)." Memorandum Opinion dated July 27, 2017, p.5-6.

Mr. Shulick is the only witness who worked at Shulick Law Offices, the entity that contracted with Mr. Fattah and his company at the time of the media leak. The Court's final judgment states that "after a bench trial and having had the opportunity to observe the demeanor of the witnesses and to evaluate their credibility, [The Court] make[s] the following findings of fact and conclusions of law." Id., p.1. However,

4

this Court did not have the opportunity to fairly evaluate Mr. Shulick's credibility because the United States did not inform the Court that he perjured himself during his deposition, which they successfully sought to have read into the record and used against Mr. Fattah for purposes of this matter. Mr. Fattah was also denied the opportunity to ask the Court to strike the deposition in its entirety because the United States freely admits now that Mr. Shulick perjured himself in the very deposition that the government used to prevent Mr. Fattah from receiving actual damages in this matter. Mr. Fattah also did not have an opportunity during his opening statement or closing argument to argue to the Court that because the United States admits he perjured himself, there is only actually one way the Court should issue its ruling in this matter based on the lack of evidence to support the United States's position.

It seems obvious that the United States cannot present perjured testimony as evidence in a matter and owe a duty of candor to the Court and opposing parties to disclose information of this nature utilized to obtain the judgment in this matter and preclude Mr. Fattah a fair opportunity to seek summary judgment.

If this Court were to grant a retrial, Mr. Fattah respectfully requests an opportunity to seek summary judgment on the issue of actual damages and a pretrial determination of whether or not the United States will be able to use the deposition at a retrial. If the United States cannot use the deposition, it would seem that Mr. Fattah would be entitled to summary judgment in the event that Mr. Shulick does not intend to testify at a retrial. The United States can only use evidence that can be offered at trial to preclude summary judgment.

There are extraordinary circumstances to justify relief pursuant to Rule 60(b)(6) in this matter. The United States had one witness to support the key issue in this case, whether or not Mr. Fattah was fired or quit, and how that impacts the issue of actual damages. That key witness was David Shulick. The Court after hearing all facts that Mr. Fattah was aware of, based on the available evidence, made its findings of fact and conclusions of law. At some point the United States then determined that Mr. Shulick

perjured himself, assuming they were not already aware of this at the time of trial. At the same time the United States was prosecuting Mr. Shulick, they were using him as their star witness to prevent a damages award based on the loss of Mr. Fattah's contract with Mr. Shulick and his company. Despite knowing that Mr. Shulick was charged with engaging in conduct which he denied under oath at the deposition, the United States sought to use the testimony at trial in this matter -- because they had no other evidence to support their claims that Mr. Fattah quit. Instead of reevaluating their case and supporting evidence after Mr. Shulick was indicted, the United States pressed forward, arguing that he is credible during the deposition on these issues.

Mr. Fattah respectfully suggests that the only just outcome based on this extraordinary situation is a new trial and opportunity to seek summary judgment, and appropriate relief regarding whether or not the United States can use the deposition at the new trial. This Court should act to make sure "justice [is] done in light of all the facts." McGuire v. Warden, 738 F.3d 741, 750 (6th Cir. 2013) (citation omitted). The United States should have informed Mr. Fattah and this Court immediately upon discovering perjury by Mr. Shulick in his deposition in this matter which was read into the record as trial testimony. This Court has discretion to vacate the judgment and order a new trial "whenever such action is appropriate to accomplish justice." Gonzalez v. Crosby, 545 U.S. 524, 542 (2005). Using Mr. Shulick's testimony in this matter, during which he perjured himself according to the United States, is an attack on the integrity of the trial process and the truth-seeking function of a trial. A final judgment based on perjured testimony should not be allowed to stand, especially on an issue of critical importance to the outcome of a case.

The United States argued at a sentencing hearing on September 27, 2018 that Mr. Shulick perjured himself in this matter. They filed a reply to Mr. Shulick's motion seeking bail in part on this issue on November 19, 2018. Based on this information, Mr. Fattah contends this motion is filed within a "reasonable time" under Rule 60(b)(6).

Mr. Fattah could not have filed a motion seeking relief based on this issue, as he was unaware of the United States' position that Mr. Shulick perjured himself during the deposition and the finding at Mr. Shulick's sentencing hearing until he received a copy of the motion from someone other than the government in 2019. Of course, Mr. Fattah does not have access to Pacer while he is incarcerated.

Mr. Shulick committed perjury in this matter. A witness commits perjury if he "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993). The U.S. Supreme Court has said "[t]here is no gainsaying that arriving at the truth is a fundamental goal of our legal system." United States v. Havens, 446 U.S. 620, 626 (1980). The Third Circuit has said "[w]e believe truth is more important than the trouble it takes to get it." Publicker v. Shallcross, 106 F.2d 949, 952 (3d Cir. 1939). In Shallcross, the Court of Appeals set aside a settlement agreement because of perjured testimony. Settlement agreements also involves the important element of finality in the disposition of litigation.

"Offering perjured testimony is an attempt to obstruct justice." United States v. Bethancourt, 65 F.3d 1074, 1081 (3d Cir. 1995). "All perjured relevant testimony is at war with justice, since it may produce a judgment not resting on truth ... it tends to defeat the sole ultimate objective of a trial." In Re Michael, 326 U.S. 224, 227 (1945). "Having voluntarily taken the stand, petitioner was under an obligation to speak truthfully and accurately." Harris v. New York, 401 U.S. 222, 225 (1971). "[A] deliberate deception of court and jury by the presentation of testimony known to be perjured ... is [] inconsistent with the rudimentary demands of justice[.]" Mooney v. Holohan, 294 U.S. 103, 112 (1935). Further, "[t]he knowing use of false or perjured testimony constitutes a denial of due process if there is any reasonable likelihood that the false testimony could have affected the judgment of the [fact-finder]." United States v. Lochmundy, 890 F.2d 817, 822 (6th Cir. 1989). "The same is true when the government, although not soliciting false evidence, allows it to go uncorrected when it appears at trial." United

States v. Biberfeld, 957 F.2d 98, 102 (3d Cir. 1992).

The proper remedy is a new trial. "A new trial is warranted when the government, 'although not soliciting false evidence, allows it to go uncorrected when it appears at trial.'" SEC v. Teo, 746 F.3d 90, 97 (3d Cir. 2014) (citation omitted). "The concept of false evidence is most often associated with instances of perjured testimony." Teo, 746 F.3d 90, 97-98.

Finally, Mr. Fattah notes that if the United States had chosen to prosecute Mr. Shulick for perjuring himself in this matter during the deposition pursuant to 18 U.S.C. § 1621, then this Honorable Court and Mr. Fattah would have had the opportunity to take appropriate action.

The facts and circumstances of this matter are unique and a proper equitable analysis will show that this Court should order a new trial. The United States cannot use perjured testimony to avoid actual damages in this case, or any case. This Court should either exclude the deposition taken of David Shulick on September 27, 2016 for a retrial or use the government's admission of perjury to make an adverse credibility determination at the retrial. It is also possible that facing summary judgment on actual damages without Mr. Shulick's perjured testimony, the United States and Mr. Fattah could have reached a settlement agreement prior to trial.

Mr. Fattah was denied his opportunity to seek summary judgment because of this deposition by David Shulick, and this may have affected the potential for settlement prior to trial.

### III. Conclusion

Mr. Fattah respectfully requests relief from judgment pursuant to Fed. R. Civ. P. 60(b), or in the alternative Rule 60(d) for fraud on the court. Mr. Fattah respectfully requests a new trial and the opportunity to file a motion seeking summary judgment. The Court should also make a determination regarding whether or not the United States can use the deposition of David Shulick taken on September 27, 2016 at a new trial in this matter.

Respectfully Submitted,

_____
Chaka Fattah, Jr.
No. 71538-066
FCI McKean
P.O. Box 8000
Bradford, PA 16701

Dated: May 27, 2019

CERTIFICATE OF SERVICE

I, Chaka Fattah, Jr., hereby certify that on May 27, 2019 the foregoing Motion For Relief From Judgment Pursuant To Fed. R. Civ. P. 60(b) was served upon counsel for the United States, by First Class Mail, postage pre-paid, and through CM-ECF as follows:

Ari D. Kunofsky, Esq.
Mary E. Smith, Esq.
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044

                                              Chaka Fattah, Jr.

U.S.M.S.
X-RAY

Chaka Fattah Jr
#71538-066
Federal Correctional Institution McKean
P.O. Box 8000
Bradford, PA 16701

71538-066
Clerks Office
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106
United States

Clerk's Office
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106