# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHAKA FATTAH, JR.** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA and** | : | |
| **INTERNAL REVENUE SERVICE** | : | **NO. 14-1092** |

## MEMORANDUM OPINION

**Savage, J.**                                                  **January 2, 2020**

Plaintiff Chaka Fattah, Jr., in his *pro se* motion under Federal Rule of Civil Procedure 60(b), claims that the government knowingly used perjured testimony at the trial of his civil case that resulted in a verdict in his favor. Although he requests an opportunity to move for summary judgment, we shall treat his request as one for a new trial on damages.

The government responds that his motion is both untimely and meritless. We agree. Therefore, we shall deny the motion.

Fattah brought this action alleging that Internal Revenue Service and Federal Bureau of Investigation agents presented at his residence without notifying his attorney in violation of 26 U.S.C. § 6304(a). He also claimed that the IRS, the Federal Bureau of Investigation and the Department of Justice unlawfully disclosed his tax return information to the media.

The facts developed at trial established liability. In the pre-dawn of February 29, 2012, when federal agents executed a search warrant on Fattah's home, members of the press were already there. Later that morning, federal agents executed a search warrant at Shulick Law Office, where Fattah had an office and worked, and at a school where he

provided consulting services.

Prior to the execution of the warrants, an F.B.I. special agent had wrongfully disclosed to a reporter when and where the search warrants were to be executed. Acting on the wrongful disclosure, members of the media were present when agents served the warrants, resulting in numerous news articles reporting the searches.

After a bench trial, we found that the defendant had violated 26 U.S.C. § 6103(a) when the government agent disclosed the details about the pending service of the search warrants. Finding that Fattah had not suffered any actual damages, we awarded only statutory damages of $1,000.00. Judgment was entered on July 27, 2017.

Now, almost two years later, Fattah filed his motion under Rule 60(b)(6). Fattah argues that a witness, his former employer David Shulick, had lied in his deposition which was used at Fattah's trial in this matter. Fattah testified that he had been fired because the publicity surrounding the searches negatively impacted Shulick's business. The government's position was that Fattah had not been fired, but had quit his job. Fattah now argues that Shulick's testimony that Fattah had quit was used to refute his contention that he had been fired from his job at Shulick's business because of the publicity.

In our Findings of Fact, we found:

> Although Shulick advised him that he was still employed at Shulick Law Offices, Fattah did not return to work after the searches. Findings of Fact (FOF) 13.
>
> Shulick Law Offices did not fire Fattah as a result of media coverage of the searches. FOF 14.
>
> Fattah, without explanation, stopped showing up to work after the search warrants were executed. FOF 15.

2

> After the searches, Fattah quit his job with Shulick Law Offices by not returning to work. FOF 16.
>
> Prior to the searches, Fattah was planning to leave Shulick Law Offices for new employment or to start his own business, Dreamchasers. FOF 21.
>
> Any losses Fattah sustained were the result of his failure to return to work at Shulick Law Offices and his own criminal conduct. FOF 34.

Shulick was indicted on charges unrelated to Fattah's claims in this case. He was convicted by a jury of conspiracy to embezzle and embezzlement from a program receiving federal funds on May 9, 2018 before Judge Bartle.

At his sentencing on October 3, 2018, Judge Bartle found that Shulick had committed perjury in his deposition testimony. As a result of that finding, Judge Bartle applied a two-level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice. Fattah now maintains that the government knew that Shulick had committed perjury in the deposition when it used his testimony at his civil trial and failed to disclose it to him and the Court.

Fattah argues that had we known of Shulick's perjury, our finding that Fattah quit and was not fired would have been different.

## DISCUSSION

Fed. R. Civ. P. 60 provides a mechanism for litigants to obtain relief from a final judgment "under a limited set of circumstances including fraud, mistake, and newly-discovered evidence." Fattah has invoked Rule 60(b)(6), which permits relief from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The government argues that in reality it is a motion alleging fraud on the government's part

3

under Rule 60(b)(3) that is untimely.

Motions under Rule 60(b) must be filed "within a reasonable time – and for reasons (1), (2), and (3) no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). There is no specific time limit for filing a motion pursuant to Rule 60(b)(6). But, it "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1); *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). Although the one-year time limit does not explicitly apply to motions under Rule 60(b)(6), the Third Circuit has stated that Rule 60(b)(6) motions "may not be used as a catch-all to avoid the one-year limitation." *Gambozz v. Ellmyer*, 438 F.2d 915, 917 (3d Cir. 1971). Thus, a motion filed under Rule 60(b)(6) more than one year after final judgment is generally considered untimely unless exceptional circumstances justify the delay.

Fattah cannot disguise a true Rule 60(b)(3) motion as one under Rule 60(b)(6) to circumvent the one-year requirement. *Crawford v. Frimel*, 2017 WL 10379589; *Stradley v. Cortez*, 518 F.2d 493 (3d Cir. 1975). *Ross v. United States*, 639 F.App'x 108, 111-112 (3d Cir. 2016), quoting *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006). His motion is actually a Rule 60(b)(3) one that had to have been filed one year from the date of the judgment, which was entered on July 27, 2017. Fattah filed his current motion on May 30, 2019, almost two years after the judgment. It is untimely.

Even if Fattah's motion was a true 60(b)(6) one, it is still out of time. Fattah has not shown "extraordinary circumstances" to excuse his waiting to file the motion.

If Fattah's motion were timely, it would still fail. His claim rests on a faulty premise.

4

He argues that because Shulick lied about some things, he must have lied about everything, particularly about whether Fattah was fired or quit. There has been no showing that Shulick lied when he testified that Fattah had quit. We can discern no reason why he would do so.

Moreover, having had the opportunity to assess Fattah's credibility at trial, we did not find his testimony credible in light of all of the evidence. Our findings did not rest upon Shulick's testimony. Therefore, we shall deny Fattah's motion.


/s/ TIMOTHY J. SAVAGE J.